IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW LEE PUMPHREY,)
    *Plaintiff*,)
)    C.A. No. 1:09-cv-233
v.)
)
MAJOR SMITH, JEFF RUDITIS,)
and FOSTER LYLES)    Magistrate Judge Baxter
    *Defendants*.)

**MEMORANDUM OPINION**

**M.J. Susan Paradise Baxter**[1]

On March 15, 2010, Plaintiff, an inmate incarcerated at Venango County Prison, initiated this *pro se* action, raising civil rights claims arising out of his incarceration at Venango County Prison.

**I. Relevant Procedural History**

On August 28, 2009, Plaintiff alleges that he fell while trying to get into the top bunk by climbing on a desk chair as a step. Plaintiff alleges that at the time of the occurrence, he had an injured knee. ECF No. 3, page 2. Plaintiff exhausted his complaint through the prison grievance process,[2] requesting that ladders be installed in each cell for inmate safety. The grievance response and appeals noted that ladders were not required by the Commonwealth of Pennsylvania.[3]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. ECF Nos. 13 (Defendants Smith, Ruditis, and Lyles), 15 (Plaintiff).

[2] Plaintiff provided documentation of the grievances filed.

[3] See Motion to Submit Evidence, ECF No. 24, page 3. The grievance response indicates that Venango County Prison had just passed inspection without the ladders present.

1

Plaintiff names three defendants in this action. Defendant Major Smith is the superintendent/warden of Venango County Prison. Defendants Jeff Ruditis and Foster Lyles are correctional officers at Venango County Prison. Plaintiff seeks relief against each Defendant in their official and individual capacities.

Defendants have filed a motion for judgment on the pleadings. ECF No. 20. Plaintiff has filed a brief in opposition. ECF No. 23. This motion is ripe for disposition by this Court.

## II. Standards of Review

### A) Motion for Judgment on the Pleadings 12(c)

Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...." Therefore, a party may move for judgment on the pleadings once pleadings are closed, but within such time as to not delay trial.

The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). The Court will accept the factual allegations as true and draw all reasonable inferences presented in the pleadings in the light most favorable to the plaintiff. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004) citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its fact," a complaint will survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), or a motion for judgment on the pleadings, Turbe, 938 F.3d at 428. The only difference is that on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the

answer and written instruments attached to the pleadings. 2 James Wm. Moore et al., Moore's Federal Practice -Civil ¶ 12.38 (2010). The court should consider the allegations in the pleadings, the attached exhibits, matters of public record, and "undisputedly authentic" documents if plaintiff's claims are based on such documents. See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.3d 1192, 1196-97 (3d Cir. 1993).

      B)      **Motion to dismiss pursuant to 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### C) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d

4

552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Dept. of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12 (b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### III. Discussion

#### A. 42 U.S.C. § 1983 Official Capacity Claims

Defendants Smith, Ruditis and Lyles claim that they are immune from Plaintiff's claims in their official capacities, arguing that official capacity suits are synonymous with bringing a claim against a state agency or the state itself. This Court agrees. Official-capacity suits "generally represent only another way of pleading an action against an entity which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 590 n. 55 (1978). "Although state officials literally are persons, an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the state itself." Hafer v. Melo, 502 U.S. 21, 26 (1991) quoting Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Thus, suits against state officials acting in their official capacities should be treated as suits against the state. Graham, 473 U.S. at 166.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159

(1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)).  Neither of these is evidenced in the present case as alleged by Plaintiff.

At all times alleged by Plaintiff, Defendants were operating in their official capacities.  Therefore, the § 1983 claims against Defendants in their official capacities are dismissed.

**B. Eighth Amendment Claim**

Defendants move to dismiss Plaintiff's Eighth Amendment claim because Plaintiff has failed to allege facts sufficient to satisfy the two requirements of such a claim.  This Court agrees.  A prison official violates the Eighth Amendment when two requirements are satisfied.  The first requirement is objective, requiring Plaintiff to allege a deprivation that is "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) citing Wilson v. Seiter, 501 U.S. 294 (1991).  A deprivation is "sufficiently serious" if the act or omission results in the denial of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Plaintiff did not allege any such deprivation.  The lack of a ladder in a prison cell is not a deprivation that reduces Plaintiff's living below "the minimal civilized measure" required.  Plaintiff could crawl into the bunk or utilize a chair and still not be deprived of the minimal necessities of life.

The second requirement deems that the act or omission meet the standard of "unnecessary and wanton infliction of pain" in order to invoke Eighth Amendment protection.  Farmer, 511 U.S. at 834.  A prison official must have a "sufficiently culpable state of mind," such that the prison official acts with deliberate indifference towards Plaintiff's health or safety.  Id.  Deliberate indifference requires "more than ordinary lack of care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 quoting Whitley v. Albers, 475 U.S. 312, 319 (1986).

Plaintiff makes several allegations against Defendants in both his Complaint, ECF No.3, and "Plaintiff's Answers to Motion for Judgment Filed by the Defendants," ECF No. 23.

6

Plaintiff argues that Defendants knew about the lack of the ladder and it was unreasonable for them not to provide a ladder. Failure to do so, Plaintiff argues, is deliberate indifference. Plaintiff also alleges that Defendants' actions subjected him to an unreasonable risk of serious harm. Plaintiff's belief that Defendants' response was unreasonable is insufficient to meet the requirements of deliberate indifference.

Defendants received and responded to Plaintiff's grievances regarding the lack of a ladder in his prison cell.[4] According to Defendants, ladders are not required per state prison inspection standards, so Plaintiff's request was denied. Defendants denied Plaintiff's grievance and request for a ladder based upon the inspection standards. Defendants stated that Plaintiff could use a chair or the lower bunk to get in or out of the top bunk allowing Plaintiff access to the top bunk in a safe manner. Plaintiff has alleged no facts suggesting that Defendants wantonly inflicted unnecessary pain on Plaintiff or that Defendants subjected him to a situation below the minimal civilized standard of living. The lack of a bunk ladder in a prison cell does not meet the stringent requirements of deliberate indifference.

Here, Plaintiff's claims against Defendants allege negligence at best. Plaintiff did not allege sufficient facts to establish that Defendants acted with deliberate indifference or that Defendants denied Plaintiff the "minimal civilized measures of life's necessities." Rhodes, 452 U.S. at 347. Therefore, the motion for judgment on the pleadings will be granted.

An appropriate Order follows.

---

[4] Motion to Submit Evidence, ECF No. 24 provides the grievance slips showing that Defendants responded to Plaintiff's grievances regarding the lack of a bunk ladder.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LEE PUMPHREY<br>        Plaintiff,<br>  v.<br>MAJOR SMITH, JEFF RUDITIS<br>FOSTER LYLES<br>        Defendants. | C.A. No. 1:09-CV-233<br><br>Magistrate Judge Baxter |

# O R D E R

AND NOW, this 2nd day of December, 2010;

IT IS HEREBY ORDERED that Defendants Ruditis, Lyles, and Smith's motion for judgment on the pleadings [ECF No. 20] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

 

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge